■ TRI-STATE PIPE LINES CORPORATION, Respondent, v. SINCLAIR REFINING COMPANY, Appellant et al., Defendants — Order entered March 30, 1965, granting summary judgment to plaintiff-respondent Tri-State Pipe Lines Corporation (Tri-State) against defendant-appellant Sinclair Refining Company (Sinclair) unanimously reversed, on the law, without costs or disbursements, and the motion denied. The appeals from the orders denying resettlement and rehearing are dismissed as moot, without costs or disbursements. Costs are disallowed because the appellant's brief is excessively long (*Cohon & Co.* v. *Pennsylvania Coal & Coke Corp.*, 10 A D 2d 667) and not particularly helpful in resolving the issues presented by the record (*Matter of Lefkowitz* v. *Burden*, 22 A D 2d 881). Two causes of action are alleged against Sinclair — inducing the breach of a contract between Tri-State and defendant Power Plus Corporation (Power), and unfair competition. The contract is evidenced by a writing dated March 8, 1961. Thereby Tri-State is designated the "exclusive distributor for the sale of * * * Ren Slow-Flow meters" manufactured by Power. Tri-State initially and Sinclair thereafter engaged in the installation of central storage pipeline systems for the distribution of fuel oil in residential communities. Power manufactures the Ren Slow-Flow meter, a vital component of the systems. Sinclair purchased the meters from defendant Ren Equipment Company, Inc. (Ren). Ren is the

sales agency of Power. Ren transmitted Sinclair's orders for the meters to Tri-State. The meters were shipped by Power to Sinclair. Ren tendered and Tri-State rejected commissions on the meters. Tri-State contends for the exclusive right to sell the meters as well as the right to refuse to sell them to Sinclair. Power and Sinclair assert that Tri-State has the exclusive right to distribute coupled with the obligation to sell the meters without discrimination and that under the contract Tri-State is entitled to no more than the commissions on the meters sold to Sinclair. The interpretation and construction of an ambiguous contract is a mixed question of law and fact. (*Lachs* v. *Fidelity & Cas. Co. of N. Y.*, 306 N. Y. 357, 364.) Concur — Botein, P. J., Breitel, McNally and Stevens, JJ.