■ LONG ISLAND TRUST COMPANY, Appellant, v JAMES CLOUGHER et al., Respondents. (And a Third-Party Action.)—In an action by an assignee holder of a retail installment sales contract to recover the balance due from the allegedly defaulting purchasers, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 25, 1985, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The subject of the contract in issue is a motor home allegedly sold by the dealer Nassau Winnebago to the defendant James Clougher, who is a Nassau County police officer and his wife, the defendant Mariann Clougher. In moving for summary judgment, the plaintiff contended that pursuant to the contract, if the vehicle was purchased primarily for commercial or business use, the buyer, in order to induce a financial source to purchase the contract from the seller, agreed not to set up any claim or defense arising out of the sale as a defense, counterclaim or offset to an action by an assignee for the unpaid balance. The plaintiff contended that the evidence established as a matter of law that the defendants purchased the vehicle primarily for a commercial or business use, and, therefore, that it was entitled to summary judgment.

The contract itself expressly asked "Will vehicle be used for commercial or business use? Yes ___ No ___" but the boxes were never checked. Thus, the contract, on its face, does not resolve that question, and is ambiguous. Further, the plaintiff's affidavit in support of its motion was by a bank officer who had no personal knowledge or information on that issue. The plaintiff relied upon the responses of the defendants purporting to show that the purchase was primarily for commercial or business use because the defendants' arrangement with the seller's salesman was that when they were not using the vehicle he would rent it out and from the rentals pay maintenance and installment payments due until the vehicle was paid off. We find, however, that examination of the complete texts of the depositions (as set forth in the defendants' supplemental record on appeal) shows that there is an issue of fact as to whether the purchase was primarily for personal and recreational purposes with rentals merely incidental until the vehicle was paid off, or was primarily for commercial and business use. The ambiguity in the contract and the need to resolve the intent of the parties present issues precluding summary judgment (see, *Tri-State Pipe Lines Corp. v Sinclair Refining Co.*, 24 AD2d 756; *Gridley & Sons v Northeastern Consol. Co.*, 36 AD2d 1001).

Further, the motion presents an additional unresolved issue of fact, viz., whether the defendants had been denied an allegedly promised good and proper title and registration. Although the plaintiff argues that under the contract title was to remain in the seller until the buyers had performed all their obligations thereunder, there are issues of fact as to whether the seller or the plaintiff was ever in a position to convey proper and valid title to the defendants had they fully performed. Mollen P. J., Bracken, Brown and Sullivan, JJ., concur.